*of Transportation,* 716 F.2d 227 (3d Cir. 1983).

Nevertheless, after carefully reviewing the record here we cannot say that the district court's findings that the forceful arrest and transfer requirements were in fact necessary to the job and uniformly applied were clearly erroneous. The district court dutifully followed the dictates of this court's mandate and based its findings on adequate evidentiary support. It is not our function to reevaluate the evidence and to substitute our judgment for the district court's.

Appellant also argues that the district court erred in allowing three police department expert witnesses to testify on the reasonableness, necessity and legitimacy of the two challenged department policies. Appellant argues that these were legal conclusions which had to be addressed solely by the court. We find this contention to be without merit. *See* Fed.R. Evid. 704.

Accordingly, we affirm the judgment of the district court.

Simmons, Perrine, Albright & Ellwood, Haven E. Simmons, David A. Hacker, Cedar Rapids, Iowa, for appellant.

Albert E. Strasser, David E. Schmit, Frost & Jacobs, Cincinnati, Ohio, for appellees.

Before ROSS, ARNOLD and FAGG, Circuit Judges.

**KIDDE, INC., by its LEFEBURE DIVISION, Appellant,**

v.

**E.F. BAVIS & ASSOCIATES, INC., and Edward F. Bavis, Appellees.**

No. 83–2568.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1984.

Decided June 6, 1984.

PER CURIAM.

Kidde, Inc., and E.F. Bavis & Associates, Inc., both manufacture automatic equipment used by banks at drive-in windows. Bavis, which holds a patent on its equipment, placed in a national banking journal an advertisement that, in effect, threatened suit for contributory infringement against any bank buying a machine that might infringe on Bavis's patent. Kidde then brought this suit for declaratory and injunctive relief in the United States District Court for the Northern District of Iowa, alleging that the advertisement was intended by Bavis to be understood as a reference to Kidde's machine, that Bavis's patent is invalid or not infringed, and that Bavis's actions amounted to unfair competition and intentional interference with busi-

ness relationships. Subject-matter jurisdiction was based in part on 28 U.S.C. § 1338 (patent cases). The District Court dismissed for want of personal jurisdiction over Bavis, an Ohio citizen.

We have no jurisdiction over this appeal. Title 28 U.S.C. § 1295 (1982) provides, in pertinent part:

(a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—

(1) of an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title ....

Accordingly, we transfer this appeal to the Court of Appeals for the Federal Circuit. 28 U.S.C. § 1631 (1982).

**Charles SCHMIDLY and William Schwerin, Appellants,**

v.

**PERRY MOTOR FREIGHT, INC., Appellee.**

**Nos. 83–2366, 83–2459.**

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1984.

Decided June 6, 1984.

Thomas B. Staley, Scotty Shively, House, Wallace & Jewell, P.A., Little Rock, Ark., for appellee.

Jerry D. Pruitt, Pruitt & Hodnett, Fort Smith, Ark., for appellants.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

This appeal is brought by Charles Schmidly and William Schwerin, former employees of the defendant Perry Motor Freight Company. The fundamental issue raised by the plaintiffs in the trial court was whether they had been wrongfully terminated from their employment with Perry under their written employment contract. The case was tried before a jury; the jury found in favor of the defendant and on September 15, 1983 the trial court entered a judgment on the verdict.

On appeal, plaintiffs raise a singular issue; they claim that the trial court erred in placing the burden of proof on the plaintiffs to demonstrate that they were wrongfully discharged in violation of their employment contract. Plaintiffs assert that this is error because the defendants