798 F.2d 468
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BLUE RIDGE ENERGY, INC., Plaintiff-Appellant,
v.
Billy Tyrone BURKE, Billy Tyrone Burke, d/b/a Hydro/Jector,
Defendants-Appellees.
 No. 85-5265.
 United States Court of Appeals,
Sixth Circuit.
 June 3, 1986.
 
 Before KENNEDY and MILBURN, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Blue Ridge Energy, Inc. ("Blue Ridge"), appeals from the jury verdict for defendants-appellees, Billy Tyrone Burke ("Burke") and Billy Tyrone d/b/a Hydro/Jector and the order denying judgment notwithstanding the verdict. Blue Ridge brought this action in the United States District Court for the Eastern District of Kentucky seeking an accounting for monies that Blue Ridge had advanced to Burke for the construction of a portable coal washing plant. The complaint asserted diversity jurisdiction under 28 U.S.C. Sec. 1332. When Blue Ridge learned, shortly before trial, that Burke had patented the machine used at the jointy-financed plant, Blue Ridge filed a motion to file an amended complaint to assert an equitable interest in the patent on the machine. The District Court granted the motion. After the jury returned a verdict for defendants-appellees, the District Court entered a judgment dismissing Blue Ridge's complaint. Subsequently, Blue Ridge filed a motion for judgment notwithstanding the verdict and, in the alternative, motions for a new trial and to modify, amend or vacate the judgment. In its memorandum supporting these motions, Blue Ridge argued that the patent was a "joint invention" and, alternatively, that the equitable "shop right" or "implied license" doctrine applied. The District Court, however, rejected these argument and overruled the motions. Blue Ridge brought this appeal.
 
 
 2
 Under 28 U.S.C. Sec. 1295(a)(1),[1] the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals from the final decision of a district court, if the district court's jurisdiction was based, in whole or in part, on 28 U.S.C. Sec. 1338. Title 28 U.S.C. Sec. 1338(a) provides in pertinent part that the district courts "hav original jurisdiction of any civil action arising under any Act of Congress relating to patents...." In Chemical Engineering Corp. v. Marlo, Inc., 754 F.2d 331 (Fed.Cir.1984), the Federal Circuit rejected the argument that an appellant may avoid the appellate jurisdiction of the Federal Circuit when the complaint pleads only diversity jurisdiction under 28 U.S.C. Sec. 1332. The Federal Circuit held that, even though the complaint correctly alleged diversity jurisdiction, the district court's jurisdiction did not rest solely on diversity jurisdiction. The Federal Circuit reasoned that since the complaint requested an injunction against infringement of a patent, monetary damages, attorney fees, costs, and other appropriate relief, "jurisdiction of the district court under 28 U.S.C. Sec. 1338 inheres in the nature of the action." Id. at 333.
 
 
 3
 Although Blue Ridge's complaint initially asserted diversity jurisdiction to seek an accounting, Blue Ridge later amended its complaint to assert an equitable interest in the patent. Furthermore, in Blue Ridge's memorandum supporting its motion for judgment notwithstanding the verdict, Blue Ridge argued that the patent was a "joint invention" and, alternatively, that the equitable "shop right" doctrine applied. Since 35 U.S.C. 5 116 provides in pertinent part: "When an invention is made by two or more persons jointly, they shall apply for patent jointly and each sign the application and make the required oath ... ," a patent issued to only one of two joint inventors is invalid. See, e.f.. Bourne v. Jones, 207 F.2d 173 (5th Cir.), cert. denied 346 U.S. 897 (1953); Pointer v. Six Wheel, 177 F.2d 153, 157 (9th Cir.1949) (citations omitted) ("in the case of a patent which is a joint invention, a patent issued to one only of the inventors is void"), cert. denied, 339 U.S. 911 (1950)[2] Since Blue Ridge argued the patent was a "joint invention," Blue Ridge challenged the validity of the patent. Consequently, this action "was based, in whole or in part, on section 1338," 28 U.S.C. Sec. 1295(a)(1), and we do not have jurisdiction over this appeal. See also Marsh v. Austin-Fort Worth Coca-Cola Bottling Co., 744 F.2d 1077 (5th Cir.1984); Kidde, Inc. v. E.F. Bavis & Assoc., Inc., 735 F.2d 1085 (8th Cir.1984).
 
 
 4
 Although we lack jurisdiction over this appeal, we need not dismiss the appeal. Under 28 U.S.C. Sec. 1631,[3] this Court has the authority to transfer this appeal to the United States Court of Appeals for the Federal Circuit. See Kidde Inc. v. E.F. Bavis & Assoc., Inc., supra. Title 28 U.S.C. 5 1631 gives a federal court of appeals the authority to transfer an appeal to another federal court of appeals when (I.) the transferor court of appeals lacks jurisdiction, (2) the appellant could have appealed to the transferee court of appeals at the time the appellant filed the notice of appeal, and (3) the transfer is in the interest of justice. See In re Exclusive Industries Corp., 751 F.2d 806, 808-09 (5th Cir. 1985) (per curiam). Cf. Hempstead County and Nevada County Project v. EPA, 700 F.2d 459, 462 (8th Cir.1993) (transfer to federal district court).
 
 
 5
 Since we have already discussed this Court's lack of jurisdiction and the Federal Circuit's jurisdiction under 28 U.S.C. Sec. 1295(a)(1), the only remaining question is whether a transfer to the Federal Circuit would be in the interest of justice. In the legislative history accompanying the Federal Courts Improvement Act of 1982 ("the Act"), Pub.L. No. 97-164, 96 Stat. 25, which enacted 28 U.S.C. 5 1631, the Senate Report observed,
 
 
 6
 In recent years much confusion has been engendered by provisions of existing, law that leave unclear which of two or more federal courts including courts at both the trial and appellate level-have subject matter jurisdiction over certain categories of civil actions.... The uncertainty in some statutes regarding which court has review authority creates an unnecessary risk that a litigant may find himself without a remedy because of a lawyer's error or a technicality of procedure.
 
 
 7
 S.Rep. No. 275, 97th Cong., 2d Sess. 11, reprinted in 1982 U.S.Code Cong. & Ad.News 11, 21. In discussing section 301 of the Act, the Senate Report stated:
 
 
 8
 Because of the complexity of the Federal court system and of special jurisdictional provisions, a civil case may on occasion be mistakenly filed in a court-either trial or appellate-that does not have jurisdiction. By the time the error is discovered, the statute of limitations or a filing period may have expired.... ... The broadly drafted provisions of section 301 will help avoid all of these situations.
 
 
 9
 S.Rep. No. 275 at 30, reprinted in 1982 U.S.Code Cong. & Ad.News at 40. We note that if we dismissed this appeal, Blue Ridge could not appeal the District Court's judgment to the Federal Circuit because the 30-day period for filing a notice of appeal has expired. Since Congress enacted 23 U.S.C. Sec. 1631 to eliminate the "unnecessary risk that a litigant may find himself without a remedy because of a lawyer's error or a technicality of procedure," we conclude that a transfer to the Federal Circuit is in the interest of justice in this case. Consequently, we transfer the appeal to the Federal Circuit.
 
 
 10
 Accordingly, we direct the Clerk of this Court to transfer the record and briefs in this appeal to the United States Court of Appeals for the Federal Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Title 28 U.S.C. Sec. 1295(a) provides in pertinent part:
 (a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction--
 (1) of an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title, except that a case involving a claim arising under any Act of Congress relating to copyrights or trademarks and no other claims under section 1338(a) shall be governed by sections 1291, 1292, and 1294 of this title....
 
 
 [2]
 Although 35 U.S.C. Secs. 116 & 256 provide for the correction of nonjoinder errors made without deceptive intention, Blue Ridge has not argued that Burke applied for the patent "without any deceptive intention."
 
 
 [3]
 Title 28 U.S.C. Sec. 1631 provides:
 Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it is transferred.