940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tommy G. FRAZIER and Prater Drugs, Inc., Petitioners,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 90-4121.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and HARVEY, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This case arises out of charges that a Kentucky pharmacist defrauded the Medicaid program by presenting claims for name brand drugs when he had actually dispensed generic equivalents. After an administrative law judge concluded that the allegations were well-founded, the pharmacist moved to reopen the record because of exculpatory and mitigating factors which, it is said, were not presented earlier because of poor judgment and lack of preparedness on the part of the pharmacist's attorney. Finding that the pharmacist had failed to establish reasonable grounds for the failure to introduce the evidence at the hearing, the ALJ denied the motion. The ALJ's opinion became the final decision of the Secretary, and the pharmacist filed a petition seeking review by this court.
 
 
 2
 Two assignments of error are presented: (1) that the ALJ ought to have granted the motion to reopen the record, and (2) that the ALJ made several findings of fact that were not supported by substantial evidence. The pharmacist has also requested this court to require the Secretary to reopen the record pursuant to 42 U.S.C. Sec. 1320a-7a(e). Because we find the assignments of error unpersuasive, and because we decline to order the Secretary to consider the additional evidence sought to be presented, we shall deny the petition for review.
 
 
 3
 * Petitioner Tommy Frazier is a registered pharmacist in the Commonwealth of Kentucky. Since 1973 he has been the owner and operator of petitioner Prater Drugs, Inc., a pharmacy located in Salyersville, Kentucky.
 
 
 4
 In May of 1989 the Inspector General of the United States Department of Health and Human Services charged the petitioners with submitting false Medicaid claims in violation of Sec. 1128A of the Social Security Act, codified at 42 U.S.C. Sec. 1320a-7a. The Inspector General asserted that the petitioners had intentionally billed the Kentucky Medicaid program (known as "KMAP") for name brand drugs when in fact they had dispensed less expensive generic equivalents.
 
 
 5
 A hearing was held before an administrative law judge in November of 1989. The ALJ found that the petitioners had, on twenty occasions, unlawfully presented claims for name brand drugs even though they knew or should have known that the drugs actually dispensed were generic equivalents. The ALJ imposed a penalty and assessment of $24,288.92 against the petitioners, jointly and severally, and excluded them from participating in Medicare and Medicaid programs for a period of five years.
 
 
 6
 Approximately two months after the ALJ issued his decision the petitioners moved to reopen the record, asserting that the attorney representing them at the administrative hearing had failed to introduce evidence on the mitigating factors listed in 42 U.S.C. Sec. 1320a-7a(d) and 42 C.F.R. Sec. 1003.106. The evidence which the petitioners wished to present included personal and business financial records, the testimony of their accountant, and the testimony of other pharmacists licensed to practice within the state. The petitioners also filed exceptions to the ALJ's decision.
 
 
 7
 The ALJ denied the motion to reopen the record. Noting that the applicable regulations provided no criteria to use in ruling on the motion, he drew upon cases decided under Rule 60(b), Fed.R.Civ.P. The caselaw in question teaches that a party may not be relieved of a final judgment on the theory that trial decisions consciously made by the party's lawyer were mistaken or ill-considered.
 
 
 8
 The exceptions filed by the petitioners and the response filed by the Inspector General were forwarded to the Departmental Appeals Board. The Board declined to review the ALJ's decision, which then became the final and binding decision of the Secretary. The petitioners filed a petition for review by this court within the sixty-day period provided by 42 U.S.C. Sec. 1320a-7a(e).
 
 II
 
 9
 * The petitioners argue that the ALJ erred in denying their motion to reopen the record. We note, as an initial matter, that the ALJ had authority to evaluate the motion's merits; the applicable regulations empower administrative law judges to "[r]ule on motions and other procedural matters" and to "[r]eceive, rule on, exclude, or limit evidence." 42 C.F.R. Secs. 1003.115(b)(6) and (b)(9). The regulations do not provide any guidance for the exercise of this authority, and in such a situation it was not inappropriate for the ALJ to look to the Federal Rules of Civil Procedure.
 
 
 10
 By their own terms, the Federal Rules govern only proceedings "in the United States district courts," Rule 1, Fed.R.Civ.P.; they do not apply as a matter of law to administrative adjudications. Mister Discount Stockbrokers, Inc. v. SEC, 768 F.2d 875, 878 (7th Cir.1985). Nevertheless, many agencies, including the Department of Health and Human Services, have promulgated regulations adopting parts of the Federal Rules. See, for example, 42 C.F.R. Sec. 1003.117(b), which requires ALJs within the Office of Inspector General to conduct depositions in accordance with Rules 28 and 30, Fed.R.Civ.P. Where, as here, the applicable regulations are silent, we see no reason why an administrative law judge should not be permitted to use the Federal Rules as a model--unless, of course, an aggrieved party can show that the ALJ's decision to do so was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 706(2)(A). No such showing has been made in the case at bar.
 
 
 11
 Rule 60(b) provides, in pertinent part, as follows:
 
 
 12
 "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason justifying relief from the operation of the judgment."
 
 
 13
 It is well settled that an attorney's error of judgment, even if based on ignorance of the law, does not constitute a "mistake" or "excusable neglect" within the meaning of Rule 60(b)(1). See, for example, Federal's Inc. v. Edmonton Investment Co., 555 F.2d 577, 583 (6th Cir.1977), and Kizy v. United States Department of Agriculture, 883 F.2d 75 (6th Cir.1989) (unpublished, but available on Lexis as 1989 U.S.App.Lexis 12087); see generally C. Wright & A. Miller, 11 Federal Practice and Procedure Sec. 2858 at 170-73 and n. 10 (1973 & Supp.1991).[1] It is also well settled that relief under Rule 60(b)(6) is to be granted only in "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
 
 
 14
 Applying these principles to the case at bar, we agree with the analysis set forth by the ALJ in his order of August 16, 1990. The petitioners sought to reopen the record on the ground that their attorney had failed to introduce evidence that the petitioners now contend might have reduced the amount of the penalty imposed. See 42 C.F.R. Sec. 1003.106. Nothing in the record indicates that this failure was inadvertent; rather, it appears that the attorney made conscious decisions, perhaps out of ignorance, with which the petitioners now disagree. This type of error, if error it was, does not constitute a basis for relief under Rule 60(b)(1). Neither is it sufficiently "exceptional or extraordinary" to merit relief under Rule 60(b)(6).
 
 B
 
 15
 In addition to arguing that the ALJ should have granted their motion to reopen the record, the petitioners have requested this court to direct that the record be reopened pursuant to 42 U.S.C. Sec. 1320a-7a(e). That section provides, in pertinent part, as follows:
 
 
 16
 "If any party shall apply to the court [of appeals] for leave to adduce additional evidence and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Secretary, the court may order such additional evidence to be taken before the Secretary and to be made a part of the record." (Emphasis supplied.)
 
 
 17
 The petitioners have cited no authority, nor has our own research disclosed any, suggesting that an attorney's error of judgment satisfies the "reasonable grounds" requirement of Sec. 1320a-7a(e). Accordingly, and in light of the general rule that litigants must bear the consequences of their attorneys' tactical decisions, including decisions regarding which evidence to present, see United States v. Philatelic Leasing, Ltd., 794 F.2d 781, 788 (2d Cir.1986), we decline to order the Secretary to consider the additional evidence at issue here.
 
 III
 
 18
 The petitioners also maintain that the ALJ made findings of fact that were not supported by "substantial evidence"--a term defined by the Supreme Court as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. of New York, Inc. v. NLRB, 305 U.S. 197, 229 (1938). Our review of the ALJ's determinations is limited, however; "we do not consider the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Myers v. Secretary of Health and Human Services, 893 F.2d 840, 842 (6th Cir.1990).
 
 
 19
 The petitioners except to nine findings of fact; five of these are challenged on their own merits, while four are challenged solely on the ground that they are based on one or more of the first five. Alleged to be unsupported on their own are the following findings:
 
 
 20
 "33. [Employee] Janice Lemaster did KMAP billing pursuant to [petitioner] Frazier's instructions....
 
 
 21
 37. [Employee] Eula Sloane did KMAP billing pursuant to [petitioner] Frazier's instructions....
 
 
 22
 71. Each of the 20 claims at issue are for prescriptions to KMAP recipients which [petitioners] filled with generic drugs....
 
 
 23
 96. The claims at issue are a small part of a pattern of false claims by [petitioners], extending over a period of years....
 
 
 24
 97. The claims at issue were part of a scheme by [petitioners] to systematically extract reimbursement from KMAP to which [petitioners] were not entitled."
 
 
 25
 Having reviewed the record as a whole--and having taken into account "whatever in the record fairly detracts from its weight," Young v. Secretary of Health and Human Services, 925 F.2d 146, 147 (6th Cir.1990) (citations omitted)--we conclude that these findings are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401.
 
 
 26
 The four factual findings challenged on a purely derivative basis are these:
 
 
 27
 "74. Although prescriptions for KMAP recipients were being filled with generic drugs, [petitioner] Frazier instructed his employees to always bill KMAP for brand name drugs....
 
 
 28
 100. [Petitioner] Frazier's intentional conduct establishes a high degree of culpability....
 
 
 29
 101. Because the claims at issue were but a small part of a much larger pattern of false claims presented by [petitioners] over a period of several years, it is not a mitigating factor that the 20 claims at issue were of the same type, occurred within a short period of time, and the total amount claimed was less than $1,000.00....
 
 
 30
 102. [Petitioners] have not proved by a preponderance of the evidence that the imposition of penalties of $24,000 and assessments of $288.92 would jeopardize their ability to continue as health care providers."
 
 
 31
 Because we have upheld the first five findings, the latter findings are upheld as well.
 
 
 32
 Accordingly, the petition for review is DENIED.
 
 
 
 *
 The Honorable James Harvey, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Our prior decision in In re Salem Mortgage Co., 791 F.2d 456 (6th Cir.1986), upon which the petitioners rely, involved inadvertence rather than misjudgment. See id. at 459; Kizy, 883 F.2d 75, supra