**WOODSTOCK CARE CENTER,**
**Plaintiff,**

v.

**Tommy THOMPSON, Secretary, United States Department of Health and Human Services,[1] et al., Defendants.**

No. C–3–00–356.

United States District Court,
S.D. Ohio,
Western Division.

Aug. 13, 2001.

1. The Defendants are the Department of Health and Human Services and the Secretary of the Department of Health and Human Services. Pursuant to Fed. R.Civ. P. 25(d)(1), Secretary Tommy Thompson is automatically substituted for Donna Shalala, the former Secretary of the Department of Health and Human Services.

Eric B. Hershberger, for Plaintiff.

Patrick D. Quinn, Donna Weinstein, for Defendants.

DECISION AND ENTRY OVERRULING DEFENDANTS' FIRST MOTION TO DISMISS (DOC. # 3), AS MOOT; PLAINTIFF'S MOTION TO TRANSFER CAPTIONED CAUSE TO UNITED STATES COURT OF APPEALS FOR SIXTH CIRCUIT (DOC. # 5) SUSTAINED; DEFENDANTS' SECOND MOTION TO DISMISS (DOC. # 9) OVERRULED; DEFENDANTS' MOTION TO VACATE BRIEFING SCHEDULE (DOC. # 12–1) OVERRULED, AS MOOT; CAPTIONED CAUSE ORDERED TRANSFERRED TO UNITED STATES COURT OF APPEALS FOR SIXTH CIRCUIT; TERMINATION ENTRY.

RICE, Chief Judge.

This litigation stems from the assessment of civil monetary penalties against Plaintiff Woodstock Care Center ("Woodstock") for non-compliance with certain conditions of participation in the Medicare and Medicaid programs. After the Health Care Financing Administration ("HCFA") imposed the penalties, Woodstock pursued administrative appeals to a Department of Health and Human Services Administrative Law Judge ("ALJ") and the Departmental Appeals Board ("DAB"). Both the ALJ and the DAB affirmed the HCFA's imposition of the civil monetary penalties.

On July 25, 2000, Woodstock commenced the present litigation, seeking judicial review of the DAB's final agency action, which was taken on behalf of the Secretary of the Department of Health and Human Services. (Complaint, Doc. # 1). The Defendants filed a Rule 12(b)(1) Motion to

Dismiss on September 21, 2000, arguing that the federal appellate courts possess exclusive jurisdiction to review civil monetary penalties such as those imposed against Woodstock. (Motion to Dismiss, Doc. # 3). In response to the Defendants' Motion to Dismiss, Woodstock filed an Amended Complaint and a "contingent" Motion to Transfer the captioned cause to the Sixth Circuit Court of Appeals. (Amended Complaint, Doc. # 6; Motion to Transfer, Doc. # 5). On November 13, 2000, the Defendants filed a second Motion to Dismiss directed toward Woodstock's Amended Complaint, once again arguing that this Court lacks subject matter jurisdiction to hear a challenge to civil monetary penalties imposed by the Department of Health and Human Services. (Motion to Dismiss, Doc. # 9). In addition, on December 27, 2000, the Defendants filed a Motion to Vacate or to Stay the Briefing Schedule, pending a ruling on the jurisdictional issue. (Doc. # 12). The Court sustained that Motion by notation entry, insofar as it sought a stay of the briefing schedule. (*Id.*). Insofar as the Defendants requested vacation of the briefing schedule, however, their Motion remains pending on the Court's docket.

## I. *Analysis of Pending Motions (Doc. # 3, 5, 9, 12)*

■ The Court may quickly dispose of the Defendants' first Rule 12(b)(1) Motion to Dismiss (Doc. # 3). As noted above, that Motion is directed toward Woodstock's initial Complaint (Doc. # 1), which has been superseded by the filing of an Amended Complaint (Doc. # 6). Given that the Defendants have filed a second Rule 12(b)(1) Motion directed toward the Amended Complaint (Doc. # 9), their first Motion to Dismiss (Doc. # 3) will be overruled, as moot.

With respect to the Defendants' second Motion to Dismiss (Doc. # 9) and Woodstock's contingent Motion to Transfer (Doc. # 5), those Motions address two related issues: (1) whether this Court has subject matter jurisdiction over some or all of the claims set forth in Woodstock's Amended Complaint; and (2) if this Court lacks subject matter jurisdiction over some or all of Woodstock's claims, whether it should dismiss those claims or transfer them to the Sixth Circuit Court of Appeals.

■ Having reviewed the parties' Memoranda and applicable law, the Court concludes that it lacks subject matter jurisdiction over all of the claims asserted by Woodstock. The present case is a challenge to the DAB's final agency action, affirming the HCFA's imposition of civil monetary penalties against Woodstock. In its Amended Complaint, Woodstock challenges an administrative finding that it failed to comply with the "quality of care" requirements of 42 C.F.R. 482.25(h)(2) and a finding that its level of non-compliance resulted in "immediate jeopardy." (Amended Complaint, Doc. # 6 at 1–2). Woodstock also seeks a declaratory judgment that (1) the term "accidents" in § 482.25(h)(2) does not include unprovoked assaults, (2) § 482.25(h)(2) does not impose strict liability for "accidents," (3) § 482.25(h)(2) deprived it of its procedural due process rights, and (4) § 482.25(h)(2) deprived it of its substantive due process rights. (*Id.* at 2).

As the Defendants properly note, however, the Sixth Circuit has exclusive jurisdiction to hear a challenge to a DAB order, affirming the imposition of civil monetary penalties against a facility such as Woodstock. In reaching this conclusion, the Court notes that 42 U.S.C. § 1395i–3(h)(2)(B)(ii) authorizes the Secretary of the Department of Health and Human

Services to impose civil monetary penalties to remedy a nursing facility's non-compliance with applicable standards of care. In addition, that provision incorporates, *inter alia*, 42 U.S.C. § 1320a–7a(e), which provides that:

> [a]ny person adversely affected by a determination of the Secretary under this section may obtain judicial review of such determination in the United States Court of Appeals for the circuit in which the person resides, or in which the claim was presented, by filing in such court (within sixty days following the date the person is notified of the Secretary's determination) a written petition requesting that the determination be modified or set aside.... Upon such filing, the court shall have jurisdiction of the proceeding.... Upon the filing of the record with it, the jurisdiction of the court shall be exclusive and its judgment and decree shall be final, except that the same shall be subject to review by the Supreme Court of the United States, as provided in section 1254 of Title 28.

42 U.S.C. § 1320a–7a(e).

The exclusive nature of the Sixth Circuit's jurisdiction to hear the present action is also reflected in 42 C.F.R. § 498.90(a)(1), which provides that a decision of the DAB is final unless "[t]he affected party has a right to judicial review and timely files a civil action in a United States District Court *or, in the case of a civil monetary penalty, in a United States Court of Appeals[.]* " (Emphasis added). Recent case law also demonstrates that this Court lacks subject matter jurisdiction to hear Woodstock's challenge to the imposition of civil monetary penalties against it. *See, e.g., South Valley Health Care Center v. Health Care Financing Administration*, 223 F.3d 1221, 1222 (10th Cir.2000) ("The [civil monetary] penalty was levied by the Health Care Financing Administration

(Administration) pursuant to 42 U.S.C. § 1395i–3(h)(2)(B)(ii) for South Valley's noncompliance with the conditions of a skilled nursing facility's participation in a Medicare program. Our jurisdiction arises under 42 U.S.C. § 1320a–7a(e), and we affirm."); *see also Frazier v. Secretary, Dept. of Health and Human Serv.*, 940 F.2d 659, 1991 WL 148735 (6th Cir. Aug.5, 1991) (unpublished) (exercising jurisdiction over a petition for review of a civil monetary penalty imposed by the Department of Health and Human Services, as provided by 42 U.S.C. § 1320a–7a(e)).

In opposition to the foregoing conclusion, Woodstock insists that its lawsuit involves more than a challenge to the imposition of civil monetary penalties against it. In connection with this argument, Woodstock reasons that its Amended Complaint challenges "the constitutionality, enforceability and fairness of regulations which HCFA claims were violated...." (Doc. # 5 at 4). In particular, Woodstock contends that the present lawsuit involves four issues which were not capable of being reviewed by the ALJ or the DAB, namely: (1) whether the term "accidents" in § 482.25(h)(2) includes unprovoked assaults; (2) whether § 482.25(h)(2) imposes strict liability for "accidents"; (3) whether § 482.25(h)(2) deprived it of its procedural due process rights; and (4) whether § 482.25(h)(2) deprived it of its substantive due process rights. (*Id.*). Even if the Sixth Circuit has exclusive jurisdiction to hear its challenge to the imposition of civil monetary penalties, Woodstock urges this Court to transfer that portion of the case, while retaining jurisdiction over the foregoing "non-civil monetary penalty" issues. (Doc. # 5 at 8–9).

 Upon review, the Court rejects Woodstock's characterization of the four issues identified above as "non-civil monetary penalty" issues. The first two issues

plainly go to the merits of the decision to impose civil monetary penalties.[2] With respect to the latter two issues, which involve constitutional arguments, those issues are raised in the context of Woodstock's specific challenge to the imposition of civil monetary penalties by the Secretary of Health and Human Services. The Sixth Circuit, rather than this Court, has subject matter jurisdiction to resolve those issues, regardless of whether the ALJ or the DAB had the authority to decide questions of constitutional law. Indeed, several Circuit Courts of Appeals have entertained constitutional challenges to the imposition of civil monetary penalties when reviewing petitions filed under 42 U.S.C. § 1320a–7a. *See, e.g., Bernstein v. Sullivan,* 914 F.2d 1395 (10th Cir. 1990); *Mayers v. United States Dept. of Health and Human Serv.,* 806 F.2d 995 (11th Cir.1986); *Griffon v. United States Dept. of Health and Human Serv.,* 802 F.2d 146 (5th Cir.1986). As a result, the Court concludes that it does not have subject matter jurisdiction over any of the claims in Woodstock's Amended Complaint.

The sole remaining issue, then, is whether this Court should dismiss the present action or whether it should transfer the action to the Sixth Circuit. In resolving this issue, the Court looks to 28 U.S.C. § 1631, which provides that when a civil action, including a petition for review of an administrative decision, is mistakenly filed in a court that lacks jurisdiction, that court may transfer the action to the proper court when doing so "is in the interest of justice."

■ In the present case, transferring Woodstock's lawsuit to the Sixth Circuit is in the interest of justice. The Sixth Circuit has recognized that it "is in the interest of justice" to transfer a case to the proper court "in order to allow the appellants to have their substantive claims heard in the proper forum." *Matthews v. United States,* 810 F.2d 109, 113 (6th Cir. 1987). With respect to the filing error committed by Woodstock, the Sixth Circuit has suggested that such an error would warrant a transfer "in the interest of justice." In *Blue Ridge Energy, Inc. v. Burke,* 798 F.2d 468, 1986 WL 17209 (6th Cir. June 3, 1986) (unpublished), the Sixth Circuit reasoned as follows:

> Since we have already discussed this Court's lack of jurisdiction and the Federal Circuit's jurisdiction under 28 U.S.C. § 1295(a)(1), the only remaining question is whether a transfer to the Federal Circuit would be in the interest of justice. In the legislative history accompanying the Federal Courts Improvement Act of 1982 ("the Act"), Pub.L. No. 97–164, 96 Stat. 25, which enacted 28 U.S.C. § 1631, the Senate Report observed,

> > In recent years much confusion has been engendered by provisions of existing[ ] law that leave unclear which of two or more federal courts including courts at both the trial and appellate level-have subject matter jurisdiction over certain categories of civil actions.... The uncertainty in some statutes regarding which court has review authority creates an unnecessary risk that a litigant may find himself without a remedy because of a lawyer's error or a technicality of procedure.

---

**2.** In a lengthy written decision, the DAB devoted a significant amount of attention to Woodstock's arguments regarding the term "accidents." (*See* Doc. # 1 at Exh. A). This

discussion was central to the imposition of civil monetary penalties, as Woodstock was penalized in part for failing to prevent accidents involving residents of its facility.

S.Rep. No. 275, 97th Cong., 2d Sess. 11, reprinted in 1982 U.S.Code Cong. & Ad. News 11, 21. In discussing section 301 of the Act, the Senate Report stated:

> Because of the complexity of the Federal court system and of special jurisdictional provisions, a civil case may on occasion be mistakenly filed in a court—either trial or appellate—that does not have jurisdiction. By the time the error is discovered, the statute of limitations or a filing period may have expired.... The broadly drafted provisions of section 301 will help avoid all of these situations.

S.Rep. No. 275 at 30, reprinted in 1982 U.S.Code Cong. & Ad.News at 40.

We note that if we dismissed this appeal, Blue Ridge could not appeal the District Court's judgment to the Federal Circuit because the 30–day period for filing a notice of appeal has expired. Since Congress enacted 28 U.S.C. § 1631 to eliminate the "unnecessary risk that a litigant may find himself without a remedy because of a lawyer's error or a technicality of procedure," we conclude that a transfer to the Federal Circuit is in the interest of justice in this case. Consequently, we transfer the appeal to the Federal Circuit.

*Id.* at *2.

Upon review, the Court finds the foregoing reasoning equally applicable in the present case. In order to allow Woodstock to have its claims heard in the proper forum, the Court believes that a transfer to the Sixth Circuit is "in the interest of justice." This is particularly true given that a dismissal would deprive Woodstock of a remedy as a result of counsel's error in navigating the special jurisdictional provisions discussed herein.[3] As a result, Woodstock's Motion to Transfer (Doc. # 5) will be sustained, and the Defendants' second Motion to Dismiss (Doc. # 9) will be overruled. Finally, having found that a transfer to the Sixth Circuit is appropriate, the Court will overrule the Defendants' pending Motion to Vacate the Briefing Schedule (Doc. # 12–1), as moot.

## II. *Conclusion*

Based on the reasoning and citation of authority set forth above, the Defendants' first Motion to Dismiss (Doc. # 3) is overruled, as moot. The Plaintiff's Motion to Transfer the captioned cause to the Sixth Circuit Court of Appeals (Doc. # 5) is sustained. The Defendants' second Motion to Dismiss (Doc. # 9) is overruled. The Defendants' Motion to Vacate the Briefing Schedule (Doc. # 12–1) is overruled, as moot.

The captioned cause is hereby ordered transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631, and terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

**3.** In opposition to this conclusion, the Defendants argue that a transfer is not "in the interest of justice," because "there is no ambiguity in the jurisdictional statute and regulations with respect to which court has review authority." (Doc. # 9 at 10).The Court notes, however, that the provisions at issue are somewhat complex even if not ambiguous, and Woodstock's counsel apparently overlooked the section granting the Sixth Circuit exclusive jurisdiction to hear this action. As the Sixth Circuit recognized in *Blue Ridge Energy,* 28 U.S.C. § 1631 eliminates the "unnecessary risk that a litigant may find himself without a remedy because of a lawyer's error" such as the one committed by Woodstock's counsel. Consequently, the Court believes that a transfer is in the interest of justice, despite the alleged clarity of the special jurisdictional provisions at issue.